UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PELAYO ERRASTI, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:10CV2120 HEA |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton that Pelayo Errasti's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## Discussion

Petitioner objects to Judge Blanton's Report and Recommendation based on his arguments that he was having a reaction to psychiatric medications that were given to him by the medical staff at the jail. Petitioner claims that his reaction to these drugs was so severe that he was not even able to walk on his own and that he was barely conscious at the plea hearing.

Petitioner also claims that his understanding of the range of punishment is shown by the court by selective use of the records available to all the courts that have adjudicated his claim. Petitioner argues that

> [e]van a close examination of the portion of the transcript used by the State (Respondent) will show that Errasti did not engage in an active conversation with the plea court that would irrefutable show that he understood the range of punishment. The record instead shows that Errasti gave monosyllabic answers of "yes," and "yes Sir" to every question posed by the court to him.

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner's objections are without merit. The record, as

discussed by Judge Blanton, establishes that the State Court asked specific questions of Petitioner, and that they were yes or no questions. Petitioner's answers were responsive to the questions posed. The State Court observed Petitioner's demeanor and was aware of the fact that he was in a wheelchair. Petitioner has presented no evidence that he was incapable of understanding the proceedings. With regard to Petitioner's claim that the record was selectively discussed to support the validity of his plea, Petitioner fails to present any evidence whatsoever that there exists other parts of the record that would negate the validity and voluntary nature of his plea.

Both the State Court and Judge Blanton recognize that a knowing and intelligent guilty plea forecloses any prior claims of deprivation of constitutional rights. Petitioner cannot satisfy the *Strickland* two pronged standard of counsel's representation falling below an objective standard of reasonableness and prejudice. Judge Blanton carefully details the basis for his recommendation that the Petition be denied. As Judge Blanton reports, the state court determined that Petitioner himself entered into the plea of his own free will:

> In the present case, [petitioner] was informed that he could receive a life sentence if he pled guilty. During the plea hearing, the prosecutor, at the court's direction, stated the range of punishment for the six counts. The prosecutor said that for the class A felony assault count and the three armed criminal action counts the sentence could be life

imprisonment. [Petitioner] acknowledged that he knew the range of punishment, including that he could receive consecutive sentences. The court also told [petitioner] that his sentence could be better, worse or the same as the State's offered recommended sentence.[] [Petitioner] again acknowledged that he understood that his sentence could be within the range of punishment. [Petitioner] also agreed that no one had forced, threatened or coerced him to plead guilty. Further, at the sentencing hearing, [petitioner] asserted that he knew the court would determine his sentence and that he had not been promised any particular sentence for his pleas. [Petitioner]'s claim is conclusively refuted by the record. See Martin v. State, 187 S.W.3d 335, 341-42 (Mo. App. E.D. 2006). [Petitioner]'s point is denied

Without question, Petitioner's objections are without merit.

While the Court is required to review the record *de novo*, this role and function is limited in scope. This Court is not at liberty to substitute its rulings for those of the state court. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In reviewing whether the State Court's decision involved an unreasonable application of clearly established federal law, the Court examines the ultimate

legal conclusion reached by the Court, *id.* at 784, not simply the statement of reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. ––––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011). If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744. *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

Judge Blanton's discussion of the applicable state law is very thorough and is correct in all aspects. The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of, federal law.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the

legal conclusion reached by the Court, *id.* at 784, not simply the statement of reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. ––––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011). If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744. *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

Judge Blanton's discussion of the applicable state law is very thorough and is correct in all aspects. The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of, federal law.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the

trial record, the Missouri court rulings, opinions and decisions. It has further reviewed all pleadings, motions and memoranda before it. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court, concluding its review under AEDPA, will adopt the Recommendation of Judge Baker that the Petition be denied.

### **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Pelayo Errasti for Writ of

Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 17th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE